**KURT M. ALTMAN, P.L.C**.
Kurt M. Altman (015603)
Ashley Fitzwilliams (035555)
12621 N. Tatum Blvd., #102
Phoenix, AZ 85032
Admin@altmanaz.com
Phone: (602) 689-5100
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>     v.<br><br>Peter Biar Ajak,<br><br>             Defendant. | CR-24-00394-PHX-SPL-2<br><br>**REPLY TO<br>UNITED STATES' RESPONSE TO<br>MOTION TO REVOKE<br>DETENTION ORDER** |

Peter Biar Ajak, by and through undersigned counsel, hereby files this Reply to United States' Response to Motion to Revoke Detention Order and asks this Court to release him pursuant to the terms of the Bail Reform Act codified in 18 U.S.C. § 3142 and § 3145. Mr. Ajak replies as follows:

**I.     Mr. Ajak's Motion is not untimely and can be heard de novo by the District Court.**

The government argued that Mr. Ajak's motion is an appeal, and that Fed. R. Crim. P. 59(a) only gave Mr. Ajak fourteen days after the detention order was issued to file an appeal or it is waived.

Mr. Ajak's motion is not an appeal. His motion, asking this Court to revoke the standing detention order, is brought pursuant to 18 U.S.C. § 3145(b); appeals are dealt with in 18 U.S.C. § 3145(c) *after* determination of a motion seeking revocation of a detention order.

Second, 18 U.S.C. § 3145 proscribes no time limit. The fourteen-day deadline is a product of Fed. R. Crim. P. 59(a). Even if applicable to 18 U.S.C. § 3145, the "the district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed." Fed. R. Crim. P. 59, Committee Notes on Rules (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 154 (1985). *See also Matthews v. Weber*, 423 U.S. 261, 270 –271 (1976)); *United States v. Tooze*, 236 F.R.D. 442, 445-446 (D. Ariz. 2006) ("[n]o language in the rule precludes discretionary review by district courts"). Even if Rule 59(a) applies here, the District Court retains the discretion to review the matter *de novo*.

Third, the government's reliance on *Tooze* is distinguishable from this case. In *Tooze,* the government moved to revoke an order of release pursuant to 18 U.S.C. § 3145(a). Even though the court in *Tooze* denied the government's appeal as untimely under Rule 59(a), it exercised its discretion to review the matter *de novo* and ultimately ruled in the government's favor to detain the defendants. *Tooze*, 236 F.R.D. at 446.

Fourth, the District Court should use its discretion to review this matter because Judge Willett relied heavily on the alleged facts of the case, which are to be given the least amount of weight of all the 18 U.S.C. § 3142(g) factors when determining whether to detain a defendant. In its Response, the government again argued that Mr. Ajak should be detained as both a flight risk and a danger, and they relied exclusively on the allegations levied against him. Yet, unproven allegations and alleged facts are the *least* important factor when determining release and the factor to be given the *least* weight by the court. *See United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Moreover, since the original detention hearing, circumstances have changed. The pace and complexity of the case as well as Mr. Ajak's health, are vastly different today than five months ago. Maybe most importantly, the relocation of Mr. Ajak's family to Arizona provides him a stable home within the District of Arizona. "The hearing may be reopened … *at any time before trial* if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f) (emphasis added).

Neither Mr. Ajak nor undersigned counsel could have had any idea how large and complex this case was at the time of the detention hearing. And it continues to grow. In its Response, the government repeatedly writes that the investigation is "ongoing," and that it is looking into potential charges against others. Response at 20. Without revoking the detention order, a longer and larger investigation just means more time Mr. Ajak unnecessarily sits in pretrial custody. Mr. Ajak needs to be able to work with his legal team without restraint to defend against the serious charges against him. He is housed more than an hour away from counsel, has restricted hours he can meet with or speak with counsel, and even with access to a laptop and chunks of discovery materials at a time, there is very little he can actually do to assist in his defense while detained.

Additionally, at the time Mr. Ajak went into detention, he was not having any medical concerns. When not in custody, he routinely self-treats it. He is unable to do that while in custody. And the condition worsens with time if not addressed. His medical records show that he has seen the medical providers at CoreCivic on at least four occasions to alleviate the pain he's experiencing, and each time they have not provided the help he requires. *See* Response, Attachment C.

Finally, prior to Mr. Ajak's arrest and detention, his family had absolutely no reason to leave their home in Maryland and relocate, let alone relocate to Arizona. Even at the time of his detention, there was no discussion of moving to Arizona. Given the seriousness of the case and the expected timelines for the matter to reach trial, his family made the decision to move to be closer to Mr. Ajak throughout the process. His children are enrolled in local schools, his wife has entered a rental agreement of a residence, and the family is settling in to provide a place for Mr. Ajak if he is released, and to be near him if he is not.

## II. Why Will Mr. Ajak Appear if Released?

Mr. Ajak should be released from custody as he poses no risk of nonappearance for court proceedings and is no danger to the community. He has no criminal history and no reason not to appear. Even Pretrial Services believes there are adequate conditions that can be imposed to assure he appears for all court hearings. There is a multitude of conditions at the court's disposal, including: remaining in the custody of a designated person, seeking and maintaining employment, seeking or beginning a school program, restricting associations and travel (including a curfew), requiring regular reporting to pretrial services, prohibiting possession of weapons, requiring he post a bond, GPS monitoring, and so forth. *See* 18 U.S.C. § 3142(c)(1)(A) and (B).

**He is safe here and cannot feasibly go anywhere else --** He and his family are legally present in the United States and have been granted asylum because he was marked for assassination by the ruling regime of South Sudan. Besides the fact that he risks being killed if he were to flee the United States, he cannot flee as his South Sudanese passport (his only passport) was collected by authorities. Further, Mr. Ajak has no financial means to flee as he has no access to large amounts of money as claimed by the government.

**His family now lives in Arizona** -- In July 2024, Mr. Ajak's wife, Nyathon Mai, and their four children relocated to Scottsdale, Arizona. Ms. Mai has found housing, enrolled their children in local schools, they have joined a local church, and she is actively looking for work. As such, Mr. Ajak now has significant contacts in the District of Arizona to support him upon his release, and contrary to the government's beliefs, there is no other place Mr. Ajak would or could go.

**He needs adequate medical treatment and the opportunity to get it** -- Mr. Ajak's oddly complicated foot condition impairs his ability to use his feet and requires self-help measures (cutting them out with a razor blade) or medical intervention. Mr. Ajak has reported the issue to the medical providers at CoreCivic Florence on several occasions, but they have not adequately addressed it. If he were released, with the court and pretrial services' permission, he would take the opportunity to seek out appropriate medical care.

**He respects the court and has no prior criminal history** – Mr. Ajak poses no danger to any community and no criminal history. Regardless of what he has been charged with and accused of, his history and characteristics show him to be an educated, active and contributing member of society. He respects authority and this court and is eager to see this process through to the end. The Pretrial Services Report clearly stated, "there are no known factors indicating the defendant poses a risk of danger to the community." ECF No. 7 at 4. Mr. Ajak has no criminal history, no history of alcohol or drug abuse, he has no passport or means to flee, and he has the most compelling of reasons to remain in Arizona and resume being a contributing member of society—his family is now here and needs to face the charges against him. Arizona is the safest place for all of them to remain during the pendency of this case. Although the allegations are serious, the government's argument that the unproven allegations in the complaint are sufficient to prove by clear and convincing evidence that Mr. Ajak poses a danger to any community, without any history indicating the same, is without merit.

Nothing in Mr. Ajak's history indicates he would fail to appear as instructed. However, should this Court have even the slightest concerns about Mr. Ajak's likelihood to appear before the court, there are a myriad of options to assure his appearance. From home detention, GPS monitoring, a third-party custodian, a bond, to travel and other restrictions and regular check-ins with pretrial services, there are plenty of ways to make sure Mr. Ajak appears for court.

**CONCLUSION:**

For the reasons stated herein, Defendant Peter Biar Ajak, respectfully requests that the Court revoke the detention order and order his release pursuant to the terms of the Bail Reform Act codified in 18 U.S.C. § 3142 and § 3145, pending conclusion of this case.

RESPECTFULLY SUBMITTED this 6th day of September 2024.

**KURT M. ALTMAN, P.L.C.**

*/s/ Kurt M. Altman*
Kurt M. Altman
Ashley Fitzwilliams
*Attorneys for Defendant*

I hereby certify that on the 6th day of September 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Steven P. Logan
United States District Court Judge
logan_chambers@azd.uscourts.gov

David Pimsner
Assistant United States Attorney
David.Pimsner@usdoj.gov

Amy Chang
Assistant United States Attorney
Amy.Chang@usdoj.gov

Raymond Woo
Assistant United States Attorney
Raymond.Woo@usdoj.gov


By: */s/ Kurt M. Altman*